APPEAL,CLOSED,JURY,TYPE–E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:17–cv–02699–APM</u>
### *Internal Use Only*

MANLEY et al v. HCA HOLDINGS, INC. et al

Assigned to: Judge Amit P. Mehta

Cause: 31:3729 False Claims Act

Date Filed: 12/18/2017

Date Terminated: 06/18/2025

Jury Demand: Plaintiff

Nature of Suit: 376 Qui Tam (31 U.S.C. § 3729(a))

Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **CONNIE MANLEY**<br>*BSN – UNITED STATES ex rel* | represented by | **James Edward Miller**<br>MILLER SHAH LLP<br>65 Main Street<br>Chester, CT 06412<br>806–526–1100<br>Fax: 866–300–7367<br>Email: jemiller@millershah.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Patricia Dorothy Ryan**
LAW OFFICE OF PATRICIA D. RYAN
6106 Harvard Avenue
PO Box 633
Glen Echo, MD 20812
240–481–6284
Email: patriciaryan@pdrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel Veronica Rose**
RACHEL V. ROSE– ATTORNEY AT LAW, PLLC
P.O. Box 22718
Houston, TX 77227
(713) 907–7442
Fax: (713) 623–8724
Email: rvrose@rvrose.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bruce Parke**
MILLER SHAH LLP
1845 Walnut Street
Suite 806

Philadelphia, PA 19103
610–891–9880
Fax: 866–300–7367
Email: bdparke@millershah.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Howard L. Nations**
THE NATIONS LAW FIRM
3131 Briarpark Drive
Suite 208
Houston, TX 77042
(713) 807–8400
Email: cdb@howardnations.com
*TERMINATED: 06/20/2018*
*ATTORNEY TO BE NOTICED*

**John Franklin Summers**
CALDWELL CASSADY CURRY PC
2121 N. Pearl St.
Suite 1200
Dallas, TX 75201
214–888–4858
Fax: 214–888–4849
Email: jsummers@caldwellcc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Anderson Berry**
ARNOLD LAW FIRM
CA
865 Howe Avenue
Sacramento, CA 95825
916–777–7777
Email: aberry@justice4you.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael A. Hirst**
HIRST LAW GROUP
200 B Street
Suite A
Davis, CA 95616
530–756–7700
Fax: 530–756–7707
Email: michael.hirst@hirstlawgroup.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DANIEL MANLEY**                    represented by    **James Edward Miller**
*UNITED STATES ex rel*                                 (See above for address)

2

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patricia Dorothy Ryan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel Veronica Rose**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bruce Parke**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Howard L. Nations**
(See above for address)
*TERMINATED: 06/20/2018*
*ATTORNEY TO BE NOTICED*

**John Franklin Summers**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Anderson Berry**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael A. Hirst**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**HCA HOLDINGS, INC.**                represented by    **Alice Stevens Fisher**
                                                        LATHAM & WATKINS LLP
                                                        555 11th Street, NW
                                                        Suite 1000
                                                        Washington, DC 20004−1304
                                                        (202) 637−2200
                                                        Fax: (202) 637−2201
                                                        Email: alice.fisher@lw.com
                                                        *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Anne Wylde Robinson**
LATHAM & WATKINS LLP
555 11th Street, NW
Suite 1000
Washington, DC 20004–1304
(202) 637–2200
Email: Anne.Robinson@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morgan Maddoux**
LATHAM & WATKINS
555 11th St, NW
Suite 1000
Washington, DC 20004
202–637–2200
Fax: 202–637–2201
Email: morgan.maddoux@lw.com
*ATTORNEY TO BE NOTICED*

**Rachel McCarthy Bosley**
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
202–637–2200
Fax: 202–637–2201
Email: rachel.bosley@lw.com
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**VALLEY REGIONAL MEDICAL
CENTER**                          represented by  **Alice Stevens Fisher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anne Wylde Robinson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morgan Maddoux**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel McCarthy Bosley**
(See above for address)
*TERMINATED: 03/15/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RIO GRANDE ANESTHESIA
GROUP**
*TERMINATED: 12/06/2023*

**Defendant**

**MICHAEL COONEY**
*CRNA*

**Defendant**

**RED MALLETT ANESTHESIA, LLC**

V.

**Interested Party**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | represented by | **Benton Gregory Peterson**<br>U.S. ATTORNEY'S OFFICE FOR THE<br>DISTRICT OF COLUMBIA<br>555 Fourth Street, NW<br>Washington, DC 20530<br>(202) 252–2534<br>Fax: (202) 252–2599<br>Email: benton.peterson@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Damon W. Taaffe**<br>U.S. ATTORNEY'S OFFICE FOR THE<br>DISTRICT OF COLUMBIA<br>555 Fourth Street, NW<br>Washington, DC 20530<br>(202) 252–2544<br>Fax: (202) 252–2599<br>Email: taaffed@sec.gov<br>*TERMINATED: 05/01/2023*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **John Cuong Truong**<br>U.S. ATTORNEY'S OFFICE FOR THE<br>DISTRICT OF COLUMBIA<br>555 Fourth Street, NW<br>Washington, DC 20530<br>(202) 252–2524<br>Fax: (202) 252–2599<br>Email: john.truong@usdoj.gov<br>*TERMINATED: 05/01/2023*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Wynne Patrick Kelly**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2545
Fax: (202) 252–2599
Email: wynne.p.kelly@usdoj.gov
*TERMINATED: 05/01/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/18/2017 | 1 | COMPLAINT against MICHAEL COONEY, HCA HOLDINGS, INC., RED MALLETT ANESTHESIA, LLC, RIO GRANDE ANESTHESIA GROUP, VALLEY REGIONAL MEDICAL CENTER ( Filing fee $ 400, receipt number 4616088618) with Jury Demand filed by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit List, # 15 Civil Cover Sheet)(zjf) (Entered: 12/19/2017) |
| 11/19/2018 | 14 | FIRST AMENDED COMPLAINT against MICHAEL COONEY, HCA HOLDINGS, INC., RED MALLETT ANESTHESIA, LLC, RIO GRANDE ANESTHESIA GROUP, VALLEY REGIONAL MEDICAL CENTER with Jury Demand filed by DANIEL MANLEY, CONNIE MANLEY.(zjd) (Entered: 12/03/2018) |
| 04/10/2023 | 36 | NOTICE OF ELECTION TO DECLINE INTERVENTION by UNITED STATES OF AMERICA (Attachment: # 1 Text of Proposed Order)(zed) (Entered: 04/12/2023) |
| 04/13/2023 | 37 | ORDER partially unsealing the court's file and lifting the seal as to all other matters occurring in this action after the date of this Order. See the attached Order for further details. Signed by Judge Amit P. Mehta on 4/13/2023. (zjd) (Entered: 04/13/2023) |
| 05/01/2023 | | MINUTE ORDER. The court's 37 Order partially unsealing the court's file includes the 14 First Amended Complaint. Signed by Judge Amit P. Mehta on 5/1/2023. (lcapm1) (Entered: 05/01/2023) |
| 05/01/2023 | 38 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney John Cuong Truong; Wynne Patrick Kelly and Damon W. Taaffe terminated. (Peterson, Benton) (Entered: 05/01/2023) |
| 07/05/2023 | 39 | ORDER. Plaintiff may avoid dismissal of this action either by serving Defendant no later than July 12, 2023, or by seeking additional time under Rule 4(m). See the attached Order for additional details. Signed by Judge Amit P. Mehta on 07/05/2023. (lcapm1) (Entered: 07/05/2023) |
| 07/10/2023 | 40 | MOTION for Extension of Time to *Serve Defendants* by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Text of Proposed Order)(Ryan, Patricia) Modified on 7/10/2023 (zjd). (Entered: 07/10/2023) |
| 08/08/2023 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting 40 Relators' Application for Extension of Time to Serve Defendants. Relators shall serve Defendant on or before September 12, 2023. The court will be disinclined to grant additional extensions. Signed by Judge Amit P. Mehta on 08/08/2023. (lcapm1) (Entered: 08/08/2023) |
| 09/11/2023 | 41 | REQUEST FOR SUMMONS TO ISSUE *First Amended Complaint* filed by DANIEL MANLEY, CONNIE MANLEY. Related document: 14 Amended Complaint filed by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Summons HCA Corporate Summons, # 2 Summons M.C. Summons, # 3 Summons Red Mallet Summons, # 4 Summons Rio Grande Anesthesia Summons, # 5 Summons VRMC)(Rose, Rachel) (Entered: 09/11/2023) |
| 09/13/2023 | | RESOLVED...NOTICE of Provisional/Government Not Certified Status re 41 REQUEST FOR SUMMONS TO ISSUE *First Amended Complaint* filed by DANIEL MANLEY, CONNIE MANLEY. Related document: 14 Amended Complaint filed by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Summons HCA Corporate Summons, # 2 Summons M.C. Summons, # 3 Summons Red Mallet Summons, # 4 Summons Rio Grande Anesthesia Summons, # 5 Summons VRMC)(Rose, Rachel).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 9/20/2023. (zmrl) Modified on 1/3/2024 (zmrl). (Entered: 09/13/2023) |
| 09/13/2023 | 42 | SUMMONS (5) Issued Electronically as to MICHAEL COONEY, HCA HOLDINGS, INC., RED MALLETT ANESTHESIA, LLC, RIO GRANDE ANESTHESIA GROUP, VALLEY REGIONAL MEDICAL CENTER. (zed) (Entered: 09/13/2023) |
| 09/25/2023 | | MINUTE ORDER to Show Cause. Plaintiff–Relator shall show cause by September 29, 2023, why this case should not be dismissed for want of prosecution and failure to effect timely service. On August 8, 2023, the court granted Plaintiff–Relator's request to extend time to September 12, 2023, to complete service. Minute Order, Aug. 8, 2023. It appears from the docket that Plaintiff–Relator did not request the issuance of summonses until September 13, 2023, the day after the deadline to complete service. Unless Plaintiff–Relator demonstrates good cause for not meeting the court's deadline, the court will dismiss this matter. Signed by Judge Amit P. Mehta on 09/25/2023. (lcapm1) (Entered: 09/25/2023) |
| 09/28/2023 | 44 | RESPONSE TO ORDER TO SHOW CAUSE re Order,, *Plaintiffs' Response to the Order to Show Cause* filed by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Supplement RVR Declaration, # 2 Exhibit HCA Waiver of Service of Summons, # 3 Exhibit VRMC Waiver of Service of Summons)(Rose, Rachel) Modified event title on 9/29/2023 (znmw). (Entered: 09/28/2023) |
| 09/28/2023 | 45 | WAIVER OF SERVICE. HCA HOLDINGS, INC. waiver sent on 9/11/2023, answer due 11/10/2023. (Rose, Rachel) (Entered: 09/28/2023) |

| 09/28/2023 | 46 | WAIVER OF SERVICE. VALLEY REGIONAL MEDICAL CENTER waiver sent on 9/11/2023, answer due 11/10/2023. (Rose, Rachel) (Entered: 09/28/2023) |
|---|---|---|
| 09/29/2023 | | MINUTE ORDER. In light of Plaintiff–Relator's response, ECF No. 44, the Minute Order to Show Cause dated September 25, 2023, is hereby vacated. Signed by Judge Amit P. Mehta on 09/29/2023. (lcapm1) (Entered: 09/29/2023) |
| 10/04/2023 | 47 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Bruce D. Parke, Filing fee $ 100, receipt number ADCDC–10397193. Fee Status: Fee Paid. by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Exhibit Declaration and Certificate, # 2 Text of Proposed Order Proposed Order)(Rose, Rachel) (Entered: 10/04/2023) |
| 10/04/2023 | 48 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– James E. Miller, Filing fee $ 100, receipt number ADCDC–10397275. Fee Status: Fee Paid. by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Exhibit Declaration and Certificate, # 2 Text of Proposed Order)(Rose, Rachel) (Entered: 10/04/2023) |
| 10/04/2023 | 49 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John F. Summers, Filing fee $ 100, receipt number ADCDC–10397309. Fee Status: Fee Paid. by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Certificate, # 3 Text of Proposed Order)(Rose, Rachel) (Entered: 10/04/2023) |
| 10/04/2023 | 50 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael A. Hirst, Filing fee $ 100, receipt number ADCDC–10397326. Fee Status: Fee Paid. by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Exhibit Declaration and Certification, # 2 Text of Proposed Order)(Rose, Rachel) (Entered: 10/04/2023) |
| 10/04/2023 | | MINUTE ORDER granting 47 Motion for Leave to Appear Pro Hac Vice. Attorney Bruce D. Parke is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 10/04/2023. (lcapm1) (Entered: 10/04/2023) |
| 10/04/2023 | | MINUTE ORDER granting 48 Motion for Leave to Appear Pro Hac Vice. Attorney James E. Miller is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 10/04/2023. (lcapm1) (Entered: 10/04/2023) |
| 10/04/2023 | | MINUTE ORDER granting 49 Motion for Leave to Appear Pro Hac Vice. Attorney John F. Summers is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 10/04/2023. (lcapm1) (Entered: 10/04/2023) |
| 10/04/2023 | | MINUTE ORDER granting 50 Motion for Leave to Appear Pro Hac Vice. Attorney Michael A. Hirst is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 10/04/2023. (lcapm1) (Entered: 10/04/2023) |
| 10/04/2023 | 51 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– M. Anderson Berry, Filing fee $ 100, receipt number ADCDC–10399331. Fee Status: Fee Paid. by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Exhibit Declaration, # 2 |

| | | |
|---|---|---|
| | | Exhibit Certificate of Good Standing, # <u>3</u> Text of Proposed Order)(Rose, Rachel) (Entered: 10/04/2023) |
| 10/05/2023 | | NOTICE OF ERROR regarding <u>51</u> MOTION for Leave to Appear Pro Hac Vice :Attorney Name– M. Anderson Berry, Filing fee $ 100, receipt number ADCDC–10399331. Fee Status: Fee Paid.. The following error(s) need correction: Declaration must have an original, ink signature. Please refile Declaration using the event Declaration. (mg) (Entered: 10/05/2023) |
| 10/05/2023 | <u>52</u> | DECLARATION by CONNIE MANLEY, DANIEL MANLEY re <u>51</u> MOTION for Leave to Appear Pro Hac Vice :Attorney Name– M. Anderson Berry, Filing fee $ 100, receipt number ADCDC–10399331. Fee Status: Fee Paid.. (Rose, Rachel) (Entered: 10/05/2023) |
| 11/06/2023 | | MINUTE ORDER granting <u>51</u> Motion for Leave to Appear Pro Hac Vice. Attorney Michael Anderson Berry is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** <u>Click for instructions.</u> Signed by Judge Amit P. Mehta on 11/6/2023. (lcapm1) (Entered: 11/06/2023) |
| 11/08/2023 | <u>53</u> | NOTICE of Appearance by Alice Stevens Fisher on behalf of HCA HOLDINGS, INC., VALLEY REGIONAL MEDICAL CENTER (Fisher, Alice) (Entered: 11/08/2023) |
| 11/08/2023 | <u>54</u> | NOTICE of Appearance by Anne Wylde Robinson on behalf of HCA HOLDINGS, INC., VALLEY REGIONAL MEDICAL CENTER (Robinson, Anne) (Entered: 11/08/2023) |
| 11/08/2023 | <u>55</u> | NOTICE of Appearance by Morgan Maddoux on behalf of HCA HOLDINGS, INC., VALLEY REGIONAL MEDICAL CENTER (Maddoux, Morgan) (Entered: 11/08/2023) |
| 11/08/2023 | <u>56</u> | NOTICE of Appearance by Rachel McCarthy Bosley on behalf of HCA HOLDINGS, INC., VALLEY REGIONAL MEDICAL CENTER (Bosley, Rachel) (Entered: 11/08/2023) |
| 11/09/2023 | <u>57</u> | NOTICE of Appearance by Michael Anderson Berry on behalf of CONNIE MANLEY, DANIEL MANLEY (Berry, Michael) (Entered: 11/09/2023) |
| 11/09/2023 | <u>58</u> | STIPULATION of Dismissal *Without Prejudice* by CONNIE MANLEY, DANIEL MANLEY. (Parke, Bruce) (Entered: 11/09/2023) |
| 11/10/2023 | <u>59</u> | NOTICE of Appearance by Bruce Parke on behalf of CONNIE MANLEY, DANIEL MANLEY (Parke, Bruce) (Entered: 11/10/2023) |
| 11/10/2023 | <u>60</u> | NOTICE of Appearance by James Edward Miller on behalf of CONNIE MANLEY, DANIEL MANLEY (Miller, James) (Entered: 11/10/2023) |
| 11/13/2023 | <u>61</u> | ORDER. Plaintiff–Relators, together with Defendants, Michael Cooney, CRNA, and Red Mallet Anesthesia, LLC (the Cooney Defendants), hereby consent to an Order dismissing all claims against the Cooney Defendants without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and 31 U.S.C. § 3730(b)(1). See the attached Order for additional details. Signed by Judge Amit P. Mehta on 11/13/2023. (lcapm1) (Entered: 11/13/2023) |
| 11/13/2023 | <u>62</u> | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by HCA HOLDINGS, INC., VALLEY REGIONAL MEDICAL CENTER |

| | | (Robinson, Anne) (Entered: 11/13/2023) |
|---|---|---|
| 11/13/2023 | 63 | MOTION to Dismiss *Amended Complaint* by HCA HOLDINGS, INC., VALLEY REGIONAL MEDICAL CENTER. (Attachments: # 1 Text of Proposed Order)(Robinson, Anne) (Entered: 11/13/2023) |
| 11/15/2023 | 64 | NOTICE of Appearance by Michael A. Hirst on behalf of CONNIE MANLEY, DANIEL MANLEY (Hirst, Michael) (Entered: 11/15/2023) |
| 11/17/2023 | 65 | Joint MOTION for Extension of Time to *for an extension of the deadlines for the parties briefing on Defendants motion to dismiss* by CONNIE MANLEY, DANIEL MANLEY. (Miller, James) (Entered: 11/17/2023) |
| 11/20/2023 | | MINUTE ORDER. (1) Relators shall file their opposition to Defendants' motion to dismiss by December 6, 2023; (2) Relators shall file their motion to seek leave to amend their complaint, along with aproposed Second Amended Complaint, by December 6, 2023; (3) Defendants shall file their reply in support of their motion to dismiss by December 20, 2023; (4) Defendants shall file their opposition to any motion for leave to amend by December 20, 2023. Signed by Judge Amit P. Mehta on 11/20/2023. (lcapm1) (Entered: 11/20/2023) |
| 12/05/2023 | 66 | NOTICE of Appearance by John Franklin Summers on behalf of CONNIE MANLEY, DANIEL MANLEY (Summers, John) (Entered: 12/05/2023) |
| 12/06/2023 | 67 | NOTICE of Voluntary Dismissal re Rio Grande Anesthesia Group *(Without Prejudice)* (Miller, James) (Entered: 12/06/2023) |
| 12/06/2023 | 68 | MOTION to Amend/Correct *Complaint* by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A)(Miller, James) (Entered: 12/06/2023) |
| 12/06/2023 | 69 | Memorandum in opposition to re 63 Motion to Dismiss filed by CONNIE MANLEY, DANIEL MANLEY. (Miller, James) (Entered: 12/06/2023) |
| 12/07/2023 | | MINUTE ORDER denying without prejudice Plaintiffs' Motion for Leave to Amend, ECF No. 68. Plaintiffs' Motion does not contain a certification pursuant to Local Civil Rule 7(m), so the motion is denied without prejudice subject to Plaintiffs' satisfying the meet–and–confer requirement. Signed by Judge Amit P. Mehta on 12/07/2023. (lcapm1) (Entered: 12/07/2023) |
| 12/08/2023 | 70 | MOTION for Leave to File *Second Amended Complaint* by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A)(Miller, James) (Entered: 12/08/2023) |
| 12/20/2023 | 71 | REPLY to opposition to motion re 63 MOTION to Dismiss *Amended Complaint* filed by HCA HOLDINGS, INC., VALLEY REGIONAL MEDICAL CENTER. (Robinson, Anne) (Entered: 12/20/2023) |
| 12/20/2023 | 72 | Memorandum in opposition to re 70 Motion for Leave to File filed by HCA HOLDINGS, INC., VALLEY REGIONAL MEDICAL CENTER. (Attachments: # 1 Text of Proposed Order)(Robinson, Anne) (Entered: 12/20/2023) |
| 12/21/2023 | 73 | Unopposed MOTION for Extension of Time to File Response/Reply as to 70 MOTION for Leave to File *Second Amended Complaint* by CONNIE MANLEY, DANIEL MANLEY. (Attachments: # 1 Text of Proposed Order)(Miller, James) (Entered: 12/21/2023) |

| 12/22/2023 | | ORDER granting 73 Unopposed Motion for Extension of Time to File Reply Memorandum in Support of Motion for Leave to Amend. Relators Reply Memorandum shall be due on or before January 3, 2024. Signed by Judge Amit P. Mehta on 12/22/2023. (lcapm1) (Entered: 12/22/2023) |
|---|---|---|
| 01/03/2024 | 74 | REPLY to opposition to motion re 70 MOTION for Leave to File *Second Amended Complaint* filed by CONNIE MANLEY, DANIEL MANLEY. (Miller, James) (Entered: 01/03/2024) |
| 03/15/2024 | 75 | NOTICE OF WITHDRAWAL OF APPEARANCE as to HCA HOLDINGS, INC., VALLEY REGIONAL MEDICAL CENTER. Attorney Rachel McCarthy Bosley terminated. (Bosley, Rachel) (Entered: 03/15/2024) |
| 06/17/2025 | 76 | MEMORANDUM OPINION granting 63 Defendants' Motion to Dismiss and denying 70 Relators' Motion for Leave to Amend. A final, appealable order accompanies this Memorandum Opinion. See the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 6/17/2025. (lcapm3) (Entered: 06/17/2025) |
| 06/17/2025 | 77 | ORDER granting 63 Defendants' Motion to Dismiss and denying 70 Relators' Motion for Leave to Amend. This action is hereby dismissed. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 6/17/2025. (lcapm3) (Entered: 06/17/2025) |
| 07/18/2025 | 78 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 77 Order on Motion to Dismiss, Order on Motion for Leave to File, 76 Memorandum & Opinion, by CONNIE MANLEY, DANIEL MANLEY. Filing fee $ 605, receipt number BDCDC−11827400. Fee Status: Fee Paid. Parties have been notified. (Rose, Rachel) (Entered: 07/18/2025) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CONNIE MANLEY, BSN and DANIEL MANLEY, | |
| Plaintiffs-Relators, | Case No. 1:17-cv-02699 (APM) |
| v. | |
| HCA HOLDINGS, INC. n/k/a HCA HEALTHCARE, INC. and COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P. d/b/a VALLEY REGIONAL MEDICAL CENTER, | |
| Defendants. | |

## CIVIL NOTICE OF APPEAL

Notice is hereby given this 17th day of July 2025, that Plaintiffs-Relators, Connie Manley, BSN and Daniel Manley, on behalf of the United States of America, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on the 17th day of June 2025, in favor of Defendants, Order Granting Defendants' Motion to Dismiss and denial of Relators' Motion for Leave to Amend (ECF No. 77) and Memorandum Opinion (ECF No. 76), against said Plaintiffs.

Dated: July 18, 2025

Respectfully Submitted,

/s/ *Rachel Rose*
Rachel Veronica Rose (Bar ID No. TX0132)
RACHEL V. ROSE, PLLC
P.O. Box 22718
Houston, TX 77227
Telephone: 713 907-7442
Facsimile: (713) 623-8724
Email: rvrose@rvrose.com

1

Patricia Dorothy Ryan (Bar ID No. 296053)
LAW OFFICE OF PATRICIA D. RYAN
6106 Harvard Avenue, PO Box 633
Glen Echo, MD 20812
Telephone: 240-481-6284
Email: patriciaryan@pdrlaw.com

James E. Miller (*pro hac vice*)
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: 860-526-1100
Facsimile:   866-300-7367
Email: jemiller@millershah.com

Bruce D. Parke (*pro hac vice*)
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: 610-891-9880
Facsimile: 866-300-7367
Email: bdparke@millershah.com

Michael Anderson Berry (*pro hac vice*)
ARNOLD LAW FIRM
865 Howe Avenue
Sacramento, CA 95825
Telephone: 916-777-7777
Email: aberry@justice4you.com

Michael A. Hirst (*pro hac vice*)
HIRST LAW GROUP
200 B Street, Suite A
Davis, CA 95616
Telephone: 530-756-7700
Facsimile:  530-756-7707
Email: michael.hirst@hirstlawgroup.com

John F. Summers (*pro hac vice*)
CALDWELL CASSADY & CURRY
2121 N. Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: 214-888-4858
Facsimile: 214-888-4849
Email: jsummers@caldwellcc.com

*Attorneys for Plaintiffs-Relators*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2025, I electronically filed Plaintiff-Relators' Notice of Appeal with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

*/s/ Rachel Rose*

Rachel Rose

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CONNIE MANLEY, *et al.*,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 17-cv-2699 (APM)** |
| ) | |
| **HCA HOLDINGS, INC., *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

For the reasons set forth in the court's Memorandum Opinion, ECF No. 76, the court grants Defendants' Motion to Dismiss, ECF No. 63, and denies Relators' Motion for Leave to Amend, ECF No. 70. This action is hereby dismissed.

This is a final, appealable order.

Dated:  June 17, 2025

_____
Amit P. Mehta
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————

| | )
|---|---|
| **CONNIE MANLEY, *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )    **Case No. 17-cv-2699 (APM)** |
| | ) |
| **HCA HOLDINGS, INC., *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

———————————————————————

**MEMORANDUM OPINION**

## I.    INTRODUCTION

Defendant Columbia Valley Healthcare System, L.P., which does business as Valley Regional Medical Center ("Valley Regional"), is an acute care hospital located in Brownsville, Texas.  Its parent company is Defendant HCA Healthcare, Inc. ("HCA").[1]  Relators Connie and Daniel Manley allege that Defendants submitted false claims, records, and statements to the Centers for Medicare and Medicaid Services to secure Medicare and Medicaid payments in violation of the False Claims Act ("FCA").  Although the United States declined to intervene, Relators proceeded with this action.

Now before the court is Defendants' Motion to Dismiss the First Amended Complaint and Relators' Motion for Leave to File a Second Amended Complaint.  For the reasons that follow, the court dismisses the First Amended Complaint for failure to state a claim and denies Relators' request to amend as futile.

———————————————————————

[1] The operative complaint names HCA Holdings, Inc. as a defendant. First Am. Compl., ECF No. 14.  According to Defendants, HCA Holdings has since changed its name to HCA Healthcare, Inc. as of April 2017.  Mot. to Dismiss, ECF No. 63, at 1 n.1.  Plaintiffs sought to correct the name in their proposed Second Amended Complaint.  *See* Mot. for Leave to File 2d Am. Compl., at 3 n.4.  For simplicity, the court simply refers to the entity as HCA.

## II.    BACKGROUND

### A.    Factual Background

Relator Connie Manley was a Level 3 Trauma Manager at Valley Regional between May 2011 and 2015.  First Am. Compl., ECF No. 14 ("FAC"), ¶ 12.  Relator Daniel Manley, Connie's spouse, was a patient at Valley Regional in April 2014.  *Id.* ¶ 13.  Through their personal observations and other sources of information, Relators allege that they discovered numerous violations of laws and regulations that protect patient privacy and personal health information ("PHI") and promote the use of electronic health records ("EHR").  Specifically, Relators contend that these violations rendered materially false (1) certain "Meaningful Use Attestations" made to the Centers for Medicare and Medicaid Services and (2) various certifications relating to compliance with conditions of participation in the Medicare and Medicaid programs.  The court discusses each in turn.

### 1.    *Meaningful Use Attestation Allegations*

Two statutes are relevant to this matter.  The first is the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat. 1936 (Aug. 21, 1996) ("HIPAA"), which limits the circumstances in which patients' confidential medical information can be used or disclosed.  FAC ¶ 45.  The other is the Health Information Technology for Economic and Clinical Health Act, Title XIII, Pub. L. No. 111–5, 123 Stat. 226 (Feb. 17, 2009) ("HITECH"), which provides incentive payments to eligible entities participating in Medicare and Medicaid programs that meet certain criteria for the "meaningful use" of certified EHR technology.  FAC ¶ 50.  To receive these incentive payments, a provider must certify that it satisfied certain meaningful use criteria, at least one of which relates to protecting electronically maintained health information consistent with HIPAA and its implementing regulations.  *Id.*  Relators allege that Defendants

knowingly made false attestations concerning compliance with the meaningful use criteria (the "Meaningful Use Attestations"), which allowed them to receive millions of dollars in payments from the U.S. Department of Health and Human Services ("HHS"). *Id.* ¶ 51.

According to Relators, Defendants' Meaningful Use Attestations were false due to multiple shortcomings in their electronic health records security and management. They point to a host of claimed deficiencies, including: (1) inadequate training on patient privacy, *id.* ¶¶ 53, 63; (2) substandard access control and audit logs, *id.* ¶¶ 9, 53, 63; (3) inadequate assessment and "compliance process[es]," *id.* ¶¶ 9, 53, 63; (4) a "lack of regard" for the requirements "to determine a breach of a patient's privacy," *id.* ¶ 53; (5) unsecure physical spaces, *id.* ¶ 63; (6) insufficient policies and procedures regarding patient health information, *id.* ¶ 63; and (7) ineffective employee and contractor background checks, *id.* ¶¶ 53, 63. As to the last of these, Relators allege that Defendants failed to catch that a contractor by the name of Michael Cooney had a criminal history. *Id.* ¶ 53; *see also* ¶¶ 54–56, 63. Relators also point to Defendants' nonsecure use of workstations on wheels, which are mobile computers used to access and input patient information. *Id.* ¶ 53. According to Relators, these computers "did not have privacy screens," lacked software that "automatically placed the workstation in 'sleep mode,'" and would be frequently left unmonitored with patient information exposed. *Id.*

To illustrate these violations, Relators cite examples occurring during Mr. Manley's stay at Valley Regional in the spring of 2014. *Id.* ¶ 57. They also provide a table of various privacy-related regulatory requirements with which Defendants allegedly did not comply. *Id.*, Table 1, at 22–24. For most of these, Relators do not specify how Defendants violated the regulation; for some, Relators offer only a short one- or two-sentence explanation. *Id.*

2.    *Conditions of Participation Allegations*

Valley Regional derives a significant portion of its revenues from claims submitted to the Medicare and Medicaid programs.  *Id.* ¶ 8, 65.  To participate in these programs, a hospital must comply with various conditions of participation, set forth in federal regulations.  *See* 42 C.F.R. § 482 *et seq.*  Relators allege that Defendants did not comply with some of these conditions.

To allege such breaches, Relators identify the relevant condition and then point to specific aspects of Mr. Manley's hospitalization to illustrate the violation.  Relators allege, for instance, that Mr. Manley's medical records (1) omit certain information about his treatment, in violation of 42 C.F.R. § 482.24 ("Medical Record Services and Documentation Compliance"), FAC ¶¶ 67, 73–74; (2) indicate an "excessive" prescription of fentanyl without any record of unused amounts being "wasted," in violation of 42 C.F.R. § 482.25 ("Pharmaceutical Services Compliance"), *id.* ¶¶ 68, 74; and (3) "reflect a lack of compliance with" 42 C.F.R. § 482.52, which requires hospitals to prepare a post-anesthesia evaluation and report ("Anesthesia Services Compliance"), *id.* ¶ 70. Relators additionally claim that Mrs. Manley "has no knowledge of a utilization review committee ever existing at Valley Regional," in violation of 42 C.F.R. § 482.30 ("Utilization Review Compliance").  *Id.* ¶ 69.  Finally, Relators assert "[u]pon information and belief" that "these practices illustrate regular failures of compliance with federal and state requirements by Valley Regional." *Id.* ¶ 75.

**B.    Procedural History**

Relators filed this *qui tam* action under the FCA in December 2017.  *See* Compl., ECF No. 1.  Nearly a year later, on November 19, 2018, they filed an Amended Complaint. *See* FAC.  After investigating Relators' claims, the government announced in April 2023 that it would not intervene.  *See* United States' Notice of Election to Decline Intervention, ECF No. 36.

4

On April 13, 2023, the court unsealed the Amended Complaint and allowed it to be served. Order, ECF No. 37.  Defendants filed a motion to dismiss on November 13, 2023.  Defs.' Mot. to Dismiss Relators' Am. Compl. and Mem. of Law in Supp., ECF No. 63 [hereinafter MTD]. Relators opposed dismissal, Pls.-Relators' Mem. in Opp'n to MTD, ECF No. 69 [hereinafter MTD Opp'n], but also sought leave to amend, Pls.-Relators' Mem. of Law in Supp. of Mot. for Leave to Amend, ECF No. 70-1 [hereinafter MLA], which included a proposed Second Amended Complaint, ECF No. 70-2 [hereinafter SAC].  Defendants opposed that request.  Defs.' Opp'n to MLA, ECF No. 72 [hereinafter MLA Opp'n].

## III.    LEGAL STANDARDS

### A.    Rule 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The factual allegations in the complaint need not be "detailed"; however, the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (citing *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  If the facts alleged fail to establish a claim upon which relief can be granted, a court must grant the defendant's Rule 12(b)(6) motion.  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.,* 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

5

## B.    Rule 9(b) Standard

Fraud claims, like those asserted here, are subject to the heightened pleading requirement of Rule 9(b). That Rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also United States ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 123 (D.C. Cir. 2015) (applying Rule 9(b) to claims filed pursuant to the FCA); *United States ex rel. Lott v. Not-For-Profit Hosp. Corp.*, 296 F. Supp. 3d 143, 151 (D.D.C. 2017) ("Substantive FCA claims, like common law fraud claims, must satisfy the heightened pleading standard of Rule 9(b)."). "Motions to dismiss for failure to plead fraud with sufficient particularity are evaluated in light of the overall purposes of Rule 9(b)," *United States ex rel. Tran v. Comput. Scis. Corp.*, 53 F. Supp. 3d 104, 115 (D.D.C. 2014), which include "ensur[ing] that defendants have notice of the charges against them adequate to prepare a defense," *United States ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 28, 34 (D.D.C. 2003).

"Rule 9(b) is not an antithesis of Rule 8(a)'s 'short and plain statement' requirement, but rather a supplement to it." *Baker v. Gurfein*, 744 F. Supp. 2d 311, 315 (D.D.C. 2010). Although the rule does not require a complaint "to contain a detailed allegation of all facts supporting each and every instance of submission of a false claim," *Barrett*, 251 F. Supp. 2d at 35, a plaintiff "must . . . provide a defendant with notice of the who, what, when, where, and how with respect to the circumstances of the fraud," *Stevens v. InPhonic, Inc.*, 662 F. Supp. 2d 105, 114 (D.D.C. 2009) (internal quotation marks and citation omitted); *see also United States ex rel. Bailey v. Veterans Med. Transcription Servs., Inc.*, No. 23-7171, 2024 WL 4864480, at *1 (D.C. Cir. Nov. 22, 2024). That includes a "detailed description of the specific falsehoods that are the basis for his suit." *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 552 (D.C. Cir. 2002).

IV.    **DISCUSSION**

A.    **Motion to Dismiss[2]**

The FCA imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1)(A); or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," *id*. § 3729(a)(1)(B).    A "claim . . . includes direct requests to the Government for payment as well as reimbursement requests made to the recipients of federal funds under federal benefits programs."    *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 182 (2016) (citing 31 U.S.C. § 3729(b)(2)(A)) (internal quotation marks omitted).

To make out an FCA claim, a relator must plead not only that the defendant submitted a false claim, but also that the defendant knew it was false.    *United States ex rel. Davis v. Dist. of Columbia*, 793 F.3d 120, 124 (D.C. Cir. 2015) (citing *United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 218 (D.C. Cir. 2003)).    The alleged falsehood must be material.    *United States v. DynCorp Int'l, LLC*, 253 F. Supp. 3d 89, 98–99 (D.D.C. 2017) (citing *United States v. Science Applications Int'l Corp.*, 626 F.3d 1257, 1269, 1271 (D.C. Cir. 2010)); *see also Escobar*, 579 U.S. at 191–95.    Thus, an FCA claim requires the trifecta of falsity, materiality, and scienter.

1.    *Meaningful Use Attestations*

Defendants argue that Relators' Meaningful Use Attestation claims fall short on each element of the trifecta.    They maintain that (1) "Relators fail to connect any violation to a false claim or payment, much less plausibly plead a fraudulent scheme with the particularity required

---

[2] In Counts IV and V of the FAC, Relators allege conspiracy and reverse FCA claims, respectively.    FAC ¶¶ 93–97. Relators concede that those claims are insufficiently pleaded, MTD Opp'n at 34, so the court will dismiss them.

by Rule 9(b)"; (2) "Relators do not plead sufficiently that any purported false statement was material to the government's decision to pay"; and (3) "the Amended Complaint fails to plausibly allege that Defendants acted with the requisite intent to defraud[.]"  MTD at 11.

As to falsity, Defendants focus on the fact that Relators do not provide "any specifics of a submission" and fail to tie violations to particular "payments to Valley Regional."  MTD at 12–13.  But Relators' pleading troubles go even deeper than that.  Relators fail to explain *how* any Meaningful Use Attestation, and thus any claim for payment, was false.  Take, for example, Relators' allegations about Defendants' use of workstations on wheels.  FAC ¶ 53.  Relators contend that these workstations lacked privacy screens and did not have an automatic "sleep mode," which would darken the screen after a period of nonuse.  *Id.*  They also assert that, due to a lack of training, hospital personnel routinely would walk away from the workstations, leaving patient information vulnerable to prying eyes.  *Id.*  Relators further contend that because Defendants did not "conduct[ ] a risk assessment, these deficiencies were never addressed during Mrs. Manley's employment at Valley Regional."  *Id.*

None of these allegations, even if true, sufficiently plead falsity.  Nowhere do Relators explain how any one or more of these purported shortcomings rendered false a claim made to the government.  Relators cite regulations requiring covered entities to "*reasonably* safeguard protected health information," FAC ¶ 48 (citing 45 CFR § 164.530 (c)(l)(2)(i), (ii)) (emphasis added), but they offer no facts to explain how any of the cited practices fell short of that standard and, if they did, how that led to a false claim.

The same problem plagues other theories of falsity.  Relators describe in detail the alleged criminal background of Michael Cooney that Defendants failed to identify, *id.* ¶¶ 54–56, but the connection between that lack of oversight and a false claim is never explained.  Relators also

8

describe the occurrence of an apparent HIPAA violation during Mr. Manley's stay at Valley Regional, *id.* ¶ 57, but again fail to specify why that episode rendered any claim false. Finally, there is Relators' chart of violations. *Id.* at 22–24. It is woefully inadequate. It consists of a list of regulations and baldly asserts that Defendants did not comply with them. *Id.*

Internal inconsistencies also doom Relators' pleading. To illustrate, Relators assert that there was a "lack of password and unique user ids," FAC ¶ 63, but later state that "passwords were assigned but were also shared," *id.* at 23, Table 1. As another example, Relators contend that Defendants did not conduct a "risk assessment," *id.* ¶ 53, but later reference "attached exhibits, which are templates disseminated by HHS to utilize during an annual risk assessment," *id.* ¶ 63. No exhibits are attached to the FAC. These pleading deficiencies further muddle an already unclear picture of what statements made by Defendants were false and why they were false.

The complaint falls short on the second element of knowledge, as well. Nowhere do Relators identify *who* would have known of the alleged failings and whether that person had any responsibility for making or submitting Meaningful Use Attestations. *See United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1257 (D.C. Cir. 2004) (affirming dismissal of FCA claims where the complaint "fail[ed] to identify with specificity who precisely was involved in the fraudulent activity").

As to the third element—materiality—the court addresses those pleading deficiencies below.

### 2.    *Conditions of Participation*

Defendants make two arguments as to why the conditions-of-participation claims should be dismissed. First, they assert that Relators failed to identify a false statement or submission.

MTD at 19–22.  Second, they contend that Relators failed to plead any of the particulars—the who, what, where, or when—of the alleged fraudulent activity.  *Id*. at 22–24.

As to this set of FCA claims, Relators "allege an implied false certification theory."  MTD Opp'n at 27.  In *Escobar*, the Supreme Court identified two conditions to support such theory of liability.  579 U.S. at 190.  First, "the claim does not merely request payment, but also makes specific representations about the goods or services provided."  *Id.*  Second, "the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths."  *Id*.  Relators do not adequately plead either element.

To support their claim, Relators catalog various instances of noncompliance with conditions of participation that they uncovered in Mr. Manley's medical records.  The list includes violations relating to "Medical Record Services and Documentation Compliance," FAC ¶¶ 67, 73-74; "Pharmaceutical Services Compliance," *id.* ¶¶ 68, 74, "Anesthesia Services Compliance," *id.* ¶ 70; "Utilization Review Compliance," *id.* ¶¶ 69, 72; and the inadequacy of policies and procedures, *id.* ¶ 66.  But nowhere do Relators allege to what "specific representation" these shortcomings relate.  *Escobar*, 579 U.S. at 190.  And without a "specific representation," the court cannot assess how these instances of noncompliance rendered them "misleading half-truths."  *Id*.  Put another way, the complaint lacks sufficient "relevant facts" that would allow the court to infer that Defendants' alleged noncompliance with certain conditions of participation gave rise to implied false claims.  *U.S. ex rel. Bender v. N. Am. Telecommunications Inc.*, 499 F. App'x 44, 45 (D.C. Cir. 2013).

10

3.    *Materiality*

Relators also fail to sufficiently plead materiality for both of their fraud theories. In *Escobar*, the Court observed that the standard for materiality is "rigorous" and one amenable to resolution on a motion to dismiss. 579 U.S. at 195 n.6. It explained:

> A misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment. Nor is it sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the defendant's noncompliance. Materiality, in addition, cannot be found where noncompliance is minor or insubstantial.

*Id.* at 194. On the other hand, materiality may be found where there is evidence that the "government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular" statutory or regulatory requirement. *Id.* at 195.

Relators' pleading of materiality rests on three general fact contentions. First, they claim that compliance with the HITECH Act is a condition of meaningful use payments. MTD Opp'n at 31. Second, they insist that Defendants knew that compliance with relevant healthcare provider policies is material to the Government's decision to make payments. *Id.* Finally, they assert that "Defendants' noncompliance is not insignificant nor minor because it is wide-spread and 'goes to the essence of the bargain' for Medicare and Medicaid incentive payments and reimbursements." *Id.* at 32 (citation omitted). These allegations are inadequate to plausibly establish materiality.

As to the first, *Escobar* made clear that statutory and regulatory requirements "are not automatically material, even if they are labeled conditions of payment." *Escobar*, 579 U.S. at 191. So, it is not enough to assert that the government reserves the right to refuse payment if a Meaningful Use Attestation is false. Nor is it sufficient to claim a violation of a condition of payment. That "is relevant, but not automatically dispositive." *Id.* at 194.

11

Relators attempt to shore up their case for materiality by pointing to two enforcement actions—one criminal, one civil—involving false Meaningful Use Attestations. The criminal matter involved the indictment of a hospital CFO for making a false attestation, where his hospital, during the fiscal year at issue, "relied on paper records . . . and only minimally used electronic health records," and where he directed "hospital employees to manually input data from paper records into the electronic health record (EHR) software, often times months after the patient was discharged and after the end of the fiscal year." U.S. Dep't of Justice, *Former Hospital CFO Charged with Health Care Fraud* (Feb. 6, 2014), https://perma.cc/NE24-U4QU; FAC ¶ 58, n.19. In the civil case, the company reported that "employees falsified data regarding the company's use of EHR software, fabricated software utilization reports, and superimposed EHR vendor logos onto the reports to make them look legitimate." U.S. Dep't of Justice, *21st Century Oncology to Pay $26 Million to Settle False Claims Act Allegations* (Dec. 12, 2017), https://perma.cc/FZV9-BKTS; FAC ¶ 60. To state the obvious, these cases bear no resemblance to this one. Their only similarity is that they all concern representations about the use of EHR. That common feature alone cannot establish materiality. FAC ¶ 60.

To support their assertion that Defendants knew that the false Attestations were material, Relators point to Defendants' 2014 Form 10-K, MTD Opp'n at 31, which states that "[f]ailure to implement and continue to demonstrate meaningful use of certified EHR technology could have a *material*, adverse effect on [HCA's] financial position and results on operations," *id.* (emphasis added). But that statement says nothing about the materiality of the noncompliance that Relators allege. First, the Form 10-K refers to materiality as it relates to the company's financial position, not to the government's acceptance of their claims. Second, the citation does nothing to demonstrate what the *government* would consider material in its payment decisions. Finally, the

12

10-K says nothing that would indicate that the specific violations that Relators identify are of the kind that the government would consider material.

Finally, as support for materiality, Relators assert that the noncompliance at issue here is neither "insignificant nor minor." MTD Opp'n at 32. But their mere say so is not enough. Relators have not identified a single instance where the government withheld payment because it determined that a Meaningful Use Attestation was false due to the types of noncompliance alleged here. And, as to conditions of participation, even if the deficiencies in Mr. Manley's medical records are accurate, violations as to a single patient cannot be sufficiently significant or major to establish materiality.

### B. Motion for Leave to File Second Amended Complaint

Having concluded that their operative pleading fails to state FCA claims, the question remains whether the court should allow Relators to amend yet again. The standard for amendment is not strict. Rule 15(a) instructs courts to "freely give leave" to amend, and the Supreme Court has emphasized that Rule 15(a)'s "mandate is to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court nevertheless may deny leave, as Defendants urge here, based on the "futility of amendment." *Id*. An amendment is futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C. Cir. 1996).

Relators proffer a Second Amended Complaint that, they say, is based on their "continuing investigation." SAC ¶ 66. The SAC purports to substantially narrow the claims asserted and provide additional facts to support those claims. Much of this additional evidence is based on interviews of former HCA employees who "confirmed that the pervasive issues identified by Relators existed and persisted throughout the HCA hospital system nationwide." MLA at 1; *see also* SAC ¶¶ 66–179. The security flaws identified in the Second Amended Complaint largely

13

mirror those in the First, but include some that are new. The alleged violative policies and practices include: (1) the failure to limit access to patient records based on the hospital employee's role in providing care, SAC ¶ 42; (2) "dysfunctional and incomplete audit log functionality," *id*. ¶¶ 43–45; (3) the lack of encryption for email communications, *id*. ¶ 47; (4) workstations on wheels that insufficiently protect access to patient records, *id*. ¶ 48; and (5) the failure to perform required "Security Risk Analys[e]s," *id*. ¶¶ 49–51. The SAC offers testimonials from twelve different witnesses to corroborate these claims. *Id.* ¶¶ 67–179.

Many of the new witness accounts center on security issues relating to the workstations on wheels. These workstations, Relators allege, created significant security risks because they did not have automatic sleep modes and because employees routinely failed to log out. *See e.g.*, SAC ¶¶ 69, 72 (Witness One stating the workstation "did not have a sleep mode" and "nurses periodically failed to log out"); ¶¶ 82, 86 (Witness Two); ¶ 104 (Witness Three); ¶¶ 108–110 (Witness Four); ¶ 141 (Witness Eight); ¶ 163 (Witness Eleven). But these additional allegations do not cure the fundamental problem with Relators' earlier pleading: Relators do not allege facts that would establish how these security flaws give rise to a false Meaningful Use Attestation. Relators have not even plausibly established those deficiencies violate any regulation, let alone a material one. *Cf.* 45 C.F.R. § 164.310(c) (requiring only that the covered entity "[i]mplement physical safeguards for all workstations that access electronic protected health information, to restrict access to authorized users"). And, as before, the proposed amended pleading contains conflicting allegations on this subject. Multiple witnesses reported that HCA in fact had policies in place concerning mobile workstation use to ensure patient privacy. *See, e.g.*, SAC ¶ 71 (failure to log out meant employees "could be subject to discipline"); *id*. ¶ 108 ("employees were required to log off of the computer before walking away from a Meditech workstation"); *id*. ¶ 127

14

("Employees utilizing shared workstations were also required by corporate policy to log out of Meditech whenever they walked away from a workstation."). Several also stated that HCA provided employees with HIPAA training. *See, e.g.*, *id.* ¶ 75 ("HCA provided HIPAA training and each HCA hospital employed a compliance officer or privacy officer"); *id.* ¶ 88 ("Witness Two received training from HCA regarding HIPPAA compliance and HCA's own internal policies and procedures."); *id.* ¶ 133 (witness who "provided HIPAA training to hospital staff").

The proposed amended pleading suffers from similar flaws as to other alleged security shortcomings. As to limitations on access to patient data based on an employee's function, the SAC states that one witness understood just the opposite: "that HCA employees were assigned role-based access." *Id*. ¶ 135. Similarly, multiple witnesses reported that there was a way to send encrypted email communications. *Id.* ¶¶ 130, 136, 154 ("Witness Nine also confirmed that, as per HCA corporate policy, all emails that contained electronic protected health information (ePHI) had to be encrypted."). And Relators' contention that HCA exhibited "dysfunctional and incomplete audit log functionality" is based solely on Mr. Manley's own medical records. *Id.* ¶¶ 43, 45. The experience of one patient at one hospital does not make plausible a system-wide problem that would render an attestation to be false.

Finally, the SAC's new allegations do not support the contention that Defendants failed to conduct the required security risk analyses. At most, the witnesses and Relators conveyed that they were unaware whether any risk analyses had occurred. *Id*. ¶¶ 50, 77, 91, 126, 137, 177. One witness in fact said that "each HCA facility was required to complete an annual security analysis." *Id*. ¶ 153.

The SAC is unquestionably more fulsome than its predecessor. But Relators' additional evidence does not plausibly establish the requisite elements of falsity, knowledge, and materiality

that the court found lacking in Relators' earlier pleading.  Accordingly, the court denies leave to amend on the grounds of futility.

**V.    CONCLUSION**

For the foregoing reasons, the court grants Defendants' Motion to Dismiss, ECF No. 63, and denies Relators' Motion for Leave to Amend, ECF No. 70.  A final, appealable order accompanies this Memorandum Opinion.

Dated:  June 17, 2025

Amit P. Mehta
United States District Judge

16